IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEX VALLEJOS,

    Plaintiff,

v.                                                      Civ. No. 04-1234 MCA/RLP

CITY OF ALBUQUERQUE, *et al.*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

On June 6, 2005 counsel for Plaintiff served a deposition subpoena duces tecum on Albuquerque Mayor Martin Chavez, who is not a party to this action. The subpoena requested Mayor Chavez appear at a deposition on June 16, 2005 and to produce "the Independent Review Officer Report (the "Report") which detailed the investigation undertaken concerning allegations of misconduct in the Albuquerque Police Department's evidence room. Mayor Chavez, through counsel,[1] filed a Motion for Protective Order to Quash Subpoena for Deposition Duces Tecum. The deposition and production have been held in abeyance pending disposition of this Motion.

This lawsuit involves the alleged improper seizure and retention of Plaintiff's property. Plaintiff has alleged, *inter alia,* that the policies and custom of both the City and the Albuquerque Police Department led to the conduct alleged and Plaintiff seeks both compensatory and punitive damages.

---

[1] Counsel for Mayor Chavez also represents the Defendants in this action. Defendants would have not standing to contest the subpoena, *see Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995), but because counsel also represents Mayor Chavez the court will find that the Motion is properly filed by Mayor Chavez.

The Report at issue was the result of various allegations against the Albuquerque Police Department's problems with the evidence room and the Department's handling (or mishandling) of evidence, including seized property and cash.  An article about the allegations appeared in <u>The Albuquerque Journal</u> and the Attorney General conducted an investigation.  The subject Report was completed in April or May, 2005 and Plaintiff was provided with a redacted copy; he now seeks the unabridged Report.

Mayor Chavez raises several objections to the production of the Report.[2]  First, he argues that Plaintiff's counsel did not comply with the deadlines listed in Local Rules and the subpoena is therefore untimely; second, he argues that the Report should be kept confidential because it is an internal review subject to a self-critical privilege; and finally, he contends that the Report is not relevant because the retention of Plaintiff's property did not involve any of the allegations contained in Plaintiff's case.

Local Rule 30.1 requires counsel to confer in good faith regarding scheduling of depositions and service must occur at least 14 days before the scheduled deposition.  Although Plaintiff's counsel did not confer with Mayor Chavez's counsel prior to serving the notice, it appears that this Local Rule does not carry a penalty such that the Mayor cannot be deposed or the Report withheld.

In any event, I agree with Plaintiff's counsel that the Report certainly would have met the terms of the initial disclosures required under Fed.R.Civ.P. 26 and the subsequent requests for production.  Even if the Report had not been prepared at the time of

---

[2] Counsel agree that the production of the Report is the real subject of the subpoena duces tecum and that the deposition of Mayor Chavez would only be important for authentication purposes.

disclosures or discovery, parties are under a continuing obligation to produce documents as they become available.

The question remains as to whether the Report is privileged.[3]  Mayor Chavez has alleged confidentiality of the Report.  However, as Plaintiff points out, confidentiality is not the same as privilege.  *See Beach v. City of Olathe*, 203 F.R.D. 489, 495 (D. Kan. 2001).  After a review of the parties' submissions the court does not find an applicable privilege applies to the report.  Accordingly,  the Motion is denied.

IT IS THEREFORE ORDERED that the Motion for Protective Order to Quash Subpoena for Deposition Duces Tecum [Doc. 27] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge

---

[3] The court notes that in response to discovery, or in conjunction with the Rule 26 disclosures, Defendants did not prepare a privilege log for Plaintiff's counsel when the Report became available, which has long been the rule in this circuit.  *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir.  1985).