IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEX VALLEJOS,

    Plaintiff,

v.                                                                                                  Civ. No. 04-1234 MCA/RLP

CITY OF ALBUQUERQUE, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the court is the Parties' Supplemental Discovery Requests and Objections and a Motion to Reconsider the court's previous ruling on a discovery dispute. Because these are interrelated, both motions will be addressed in this opinion.

## FACTUAL ALLEGATIONS

On November 11, 2002 APD officers pulled Plaintiff over for a traffic violation. A background check indicated an outstanding warrant and Plaintiff was arrested. Currency and personal property were seized at that time and, it is alleged, never returned, not made available to Plaintiff, and no forfeiture proceedings were instituted. This Section 1983 lawsuit arises from the alleged constitutional violations. In paragraph 21 of the Complaint, Plaintiff alleges:

> City of Albuquerque has an official or actual policy or standard operating procedure of illegally seizing and retaining property in violation of the United States and New Mexico constitutions and in violation of state law.

The defendants in this action are the City of Albuquerque (City), the Albuquerque Police Department (APD), the former chief of police, two police officers and one detective.

The foregoing paragraph is the necessary allegation to impose municipal liability: a finding of a practice or procedure that violates the law exposes the City to liability under § 1983. *See Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1229 (10th Cir. 2001) ( "an unconstitutional policy or custom need not be formal or written to create municipal liability. Rather, a municipality may be held liable when the illegal practice is so permanent and well settled as to constitute a custom or usage with the force of law.") (citations and internal quotation marks omitted).

## PROCEDURAL BACKGROUND

In June, 2005, Mayor Martin Chavez was served with a subpoena for deposition duces tecum to bring to his deposition an unredacted copy of a report prepared by the Independent Review Officer (IRO) concerning problems with the Albuquerque Police Department's evidence room.

The IRO Report is at the center of all of the discovery disputes in this case. The court denied the Mayor's Motion to Quash and ordered the IRO Report to be produced. *See* Memorandum Opinion and Order [Doc. 44]. Mayor Chavez then submitted his Motion for Reconsideration [Doc. 47]. Mayor Chavez has not yet produced the IRO Report.

In July, Plaintiff filed a Motion to Compel Production [Doc. 37]. One of the documents sought was the IRO Report. After considering the Motion, the Response, and the Reply the court ordered the parties to meet and confer and submit a document to be entitled "Parties' Supplemental Discovery Requests and Objections" so that the court could determine what was being sought and what was being objected to and the grounds for the objections.   *See*  Discovery Order [Doc. 54].   That document (hereinafter, the

"Supplement") has now been filed and the court will address the discovery issues remaining.

## DISCUSSION

### General Objections

Conclusory objections to requested discovery are inappropriate. *See Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995). As to each and every discovery request, the City asserts that the request is overbroad and unduly burdensome. Vallejos sought investigatory files for the past 10 years concerning the evidence room. If the evidence room has been investigated for 10 years, then those documents are to be produced; if the investigations have only gone on for, say, five years, then the City should merely say so. Similarly, "unduly burdensome" is not defined by the City. For example, the City does not say this would entail so many hours to compile the documents that number in the thousands, or in any way alert the court to what it means by unduly burdensome.

Because the City merely made conclusory allegations of overbreadth and burdensomeness, those objections are waived and any documents being withheld on those

grounds are to be produced. *Kutilek v. Gannon*, 132 F.R.D. 296, 300 (D. Kan. 1990).

### Self-Critical Analysis Privilege

The City asserts the "self-critical analysis privilege" and City Ordinance § 9-4-1-13 as to several documents or groups of documents entitled "Specific Unproduced Documents" in the Supplement; these documents are also listed in the Privilege Log.

There is no "self-critical analysis privilege" under federal law. *Burden-Meeks v.*

3

*Welch*, 319 F.3d 897, 899 (7th Cir. 2003). The City cites to *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432 (10th Cir. 1981) as authority for the privilege. That case is inapposite to the case at bar. Most federal courts that have considered the "self-critical analysis" privilege have rejected it, *see Mason v. Stock*, 869 F. Supp. 828, 831-35 (D. Kan. 1994) and cases cited therein. Even if a "law enforcement privilege" were to be recognized, that privilege would only apply to protect the privacy or safety of police personnel. *See Morrissey v. City of New York*, 171 F.R.D. 85, 89-91 (S.D.N.Y. 1997). And even if an "official information privilege" existed, application of that privilege would require the party resisting discovery to make a "'substantial threshold showing' that specific harms are likely to result from the disclosure . . . ." *Id.* at 92. No such showing has been made here.

In a case somewhat similar to the case at bar, *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo. 1990) the court noted that where a plaintiff asserting municipal liability requested confidential files, an effort should be made to protect the confidentiality of individuals who had spoken to officials with the understanding their statements would be kept confidential. *Id.* at 1068.

Here, the City raises the confidentiality provision of § 9-4-1-13, a City Ordinance concerning the confidentiality of communications. While the Ordinance does not override the Federal Rules of Civil Procedure, the court agrees that every effort should be made to keep the communications confidential. The solution discussed in *Everitt* was that Plaintiff's counsel, not the court, do an *in camera* inspection of the documents "under a confidentiality order which he must obey as an officer of the court." *Id.* at 1067. Because

4

such orders are customarily done in cases involving proprietary information, the parties' order may provide for definite limits on assimilation of the individuals' named in the documents.  The court will now turn to the specific documents identified as being withheld.

**The IRO Report**.   The City resists production based on "self-critical analysis privilege" and § 9-4-1-13, the aforementioned City Ordinance concerning confidentiality of communications.  The court previously ruled that the report was discoverable, and Mayor Chavez sought reconsideration, which is addressed in this Memorandum Opinion and Order.

Section 9-4-1-6 of the City Ordinances establishes the Independent Review Office and the Independent Review Officer (IRO).  The IRO is given autonomy and performs his duties under the direction of the Police Oversight Committee (POC).  § 9-4-1-6(B).  There is no attorney-client privilege between the IRO and the city.  *Id.*

The Independent Review Office receives all complaints and claims against the Albuquerque Police Department.  "Findings relating to citizen complaints and police shootings will be forwarded to the POC.  The findings for all other cases will be forwarded only to the Chief of Police."  § 9-4-1-6(C).  The IRO may forward reports to the mayor if he deems it advisable.  *Id.*

The above provisions clearly make the Independent Review Office an agency separate from the city and the mayor and the IRO is compelled to submit matters only to the Police Oversight Commission or the Chief of Police. He may have deemed it advisable to provide a copy to Mayor Chavez, which is his right, but under these circumstances the mayor is a third-party and thus submission to him waives any privilege that may have

attached.

The IRO Report shall be produced to Plaintiff. Consistent with the court's findings stated above, the identity of officers or other personnel may be subject to a confidentiality order prepared by the parties.

**April 21, 2004 Investigative Report**. The City asserts that the subject of this report (and related correspondence which also was not produced) concern allegations of sexual misconduct. There appears to be no relevance to this report, or the underlying documents, and therefore the documents shall not be compelled.

**May 31, 2005 Memorandum.** The City asserts that this document concerns an "on-going investigation" concerning money deposits involving a detective. This document shall be produced to the court for an *in camera* review by the court.

**Statement of Captain Miranda.** This document shall be produced and subject to a confidentiality order if necessary.

**Internal Affairs files**. These files are identified on pages 8 and 9 of the Supplement. The City objects on the grounds of relevance and privilege. From the description of the documents contained in these files, it appears that they all involve some problems with the evidence room, which may or may not be relevant to this case. Some of the files contain information about disciplinary actions taken against civilian and perhaps other employees. These documents shall be produced, subject to the same confidentiality order, if necessary.

**Attorney-Client Privilege**. Finally, Exhibit C to the Privilege Log is a copy of a redacted letter to Nick Bakas from a lieutenant with the Internal Affairs Unit. The City

argues that the redacted portion contains advice of counsel from an assistant city attorney. Plaintiff does not argue that the attorney-client privilege does not attach to this portion of the letter and therefore the redacted portion will not be compelled.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 37] is granted in part and denied in part as stated herein; and

IT IS FURTHER ORDERED that all documents ordered produced shall be produced no later than close of business on **November 1, 2005**; and

IT IS FURTHER ORDERED that Mayor Martin Chavez's Motion for Reconsideration [Doc. 47] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge